# Amos A. Williams *vs.* Nathaniel Williams.

Where there are two administrations upon an estate, that which is foreign to the state of the domicil is usually ancillary, and as a general rule the assets within such jurisdiction will be transferred to the place of domicil.

But this rule is not absolute or inflexible; the transfer will or will not be made as the court may deem proper in the exercise of a sound judicial discretion according to the circumstances of the case.

The general rule should prevail, unless to obey it would work injustice or injury to parties having such an interest in the estate as will entitle them to object to its observance.

Where one of two executors applies for a transfer of such portion of the assets as will be sufficient to pay the legatees residing in the State of the domicil, and the necessary costs attendant upon the administration in that State, and there is nothing to show that any of the legatees assent or object, the general rule will prevail.

What may be the necessary expenses attendant upon the administration of the State of the domicil is a proper subject of adjudication by the courts of that State, and will be left to their decision.

Appeal from the Orphans Court of Baltimore city.

This appeal is taken from an order of the court below dismissing the petition of the appellant. The facts of the case, as disclosed by the record, are sufficiently stated in the opinion of this court.

The cause was argued before Le Grand, C. J., Eccleston, Mason and Tuck, J.

*Thomas S. Alexander* for the appellant, made the following points:

1st. That upon general principles the administration in Massachusetts is principal, and the administration in this State ancillary thereto. An account is to be passed of the assets realized here, but the residuum of the estate must be distributed by a final account to be passed before the Massachusetts' court.

2nd. That no circumstance is shown to induce the court to depart from the general rule of remitting the assets to the place of the principal administration. But if it is deemed fit

to make distribution so far as to provide for the security of the representatives living here, there ought to be retained out of the assets a sum sufficient to defray the expenses already incurred by the appellant, and those which must be incurred by the executors in closing their accounts in Massachusetts. In support of his views the appellant deems it sufficient to refer to 4 *Md. Rep.*, 1, *Cassilly vs. Meyer.*

*George H. Williams* for the appellee.

It is submitted in this case, that the record of Martha Weld's estate, which should have been fully sent up to the appellate tribunal, will show that her entire estate, except a small fraction not worth estimating for the purposes of this argument, was in Maryland. That she devised her estate to twenty-four nephews and nieces, twenty of whom were citizens of Maryland, and the remaining four were represented before the orphans court of Baltimore city, and who were adverse to the course indicated by the appellant as to the settlement of the estate. The assets being in Maryland then, and the devisees citizens of that State, the courts of this State, to avoid a circuity and to protect our citizens, ought and will have a final distribution here of all the funds received and collected here under the authority of letters granted in this State, (*Story's Conflict of Laws*, sec. 513;) and that they will not detain assets here for remission elsewhere to pay expenses expressly disallowed by our testamentary system. *Act* 1798, *ch.* 101, *sub-ch.* 10, *sec.* 2.

The exhibits with appellee's answer show, that the final settlement, in Baltimore, would be perfectly satisfactory to the court in Massachusetts, and that a copy of the final account here, under seal, showing distribution to the legatees would have discharged appellant's official bond there, and therefore no future expenses could be incurred by him.

The conduct of appellant then is unreasonable and vexatious. No evidence is given in support of any of the allegations of the petition, and the case being set down for hearing on petition and answer, the answer and its exhibits must be taken as true, and as if fully proved.

Assuming the necessity for a settlement in Boston to be as appellant states, yet no nation is under any obligation to enforce foreign laws prejudicial to the rights of its own citizens. *Story's Conflict of Laws, sec.* 512. An ancillary administration is not invariably and under all circumstances subordinate, but only *generally* subordinate. Vide *same Book,* sec. 518, *(a.)*

ECCLESTON, J., delivered the opinion of this court.

The parties in this case are the surviving executors of Martha Weld, who died leaving personal estate in Maryland and in Massachusetts, her domicil at that time being in the latter State, and letters testamentary having since been granted in both States. The residuum of the estate is given to twenty-four legatees, twenty of whom reside in Maryland and the other four in Massachusetts. The appellee, as one of the executors, being about to pass a final account in the orphans court of the city of Baltimore, the appellant filed a petition, suggesting that in relation to the Massachusetts' administration he had incurred expenses amounting to about $50, for which he can obtain allowance in the Massachusetts' court, but which, according to the law and practice here, are not proper to be allowed in the account about to be passed. That it will be necessary to pass a final account before the Massachusetts' court, which will be attended with costs and charges proper to be defrayed out of the assets about to be accounted for. And he prays that, out of these assets, the executors may be directed to retain the sum of $250, to pay the costs of administration incurred, and to be incurred, in Massachusetts, and of passing a final account there; and also to retain, out of the residue, a sum sufficient to satisfy the claims of the four residuary legatees residing in Massachusetts, and to be accounted for before the probate court of that State.

The appellee having filed an answer objecting to this application, the orphans court passed an order dismissing the petition. From this order the appeal is taken.

When there are two administrations upon one estate, that which is foreign to the state of the domicil is usually called ancillary or auxiliary, and as a general rule the assets within such jurisdiction will be transferred to the place of the domicil: but this rule is not absolute or inflexible; on the contrary, the transfer will or will not be made as the court may deem proper, in the exercise of a sound judicial discretion, according to the circumstances of the case. The general rule however should prevail, unless to obey it would work injustice or injury to parties having such an interest in the estate as will entitle them to object to its observance.

The present application is not to transfer the whole residuum of the assets, but such portion as will be sufficient to pay the shares belonging to the Massachusetts' legatees, and what are alleged to be necessary costs and expenses in relation to the Massachusetts' administration.

There is nothing in the record—to which alone we can look—showing whether the legatees, or any of them, either object or assent to the prayer of the petition. Nor does it appear whether both or either of the executors are legatees. The executor who makes the objection can no more be said to represent the legatees than the other, who filed the petition. In such a case we do not perceive any special circumstances which should prevent the application of the general rule, for remitting or transferring assets from the auxiliary administration to that of the domicil. And consequently we think the prayer of the petition should have been granted.

The copy of an administration account, passed in Massachusetts, which is filed as an exhibit with the answer of the appellee, shows that *he*, in conjunction with the executor, now deceased, on a former occasion, even in opposition to the objection of the appellant at that time, accounted for Maryland assets before the Massachusetts' court.

We do not wish to be considered as expressing an opinion in regard to the correctness of the petitioner's claim for expenses, deeming that a proper subject for adjudication by the court in Massachusetts. And as due respect for a court

of our sister State requires us to believe the rights of all parties will be properly guarded by that tribunal, there can be no just reason for refusing to remit to their jurisdiction such a portion of the assets as will be sufficient to meet any contingency which may result from the decision of that court.

The record is defective in several particulars, and partly on this account we decline expressing an opinion in regard to the claim for expenses, leaving it to be settled in Massachusetts, where it would seem to be proper to have it adjudicated, as the expenses relate to that administration.

*Order reversed and cause remanded.*

