RANNELS v. ROWE et al.

(Circuit Court of Appeals, Eighth Circuit. December 14, 1908.)

No. 2,163.

1. WILLS (§ 801*)—ELECTION—FILING IN FOREIGN STATE.

Gantt's Dig. Ark. §§ 2222, 2223, provide that, if a widow fails to renounce the testamentary provisions and to take steps to secure dower within a year after the death of her husband, she will be deemed to take under the will. *Held* that, in accordance with a decision of the Supreme Court of Arkansas applying the statute to a foreign will affecting lands in that state, a widow's renunciation of testamentary provisions in lieu of dower, filed in Mississippi, where her husband died and his will was probated, was ineffective to give the widow dower in the husband's Arkansas lands.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 2077; Dec. Dig. § 801.*]

2. QUIETING TITLE (§ 51*)—PAYMENT OF TAXES—REIMBURSEMENTS.

Where, in a suit to quiet title, complainant obtained a decree in his favor for an undivided one-half interest in the lands, defendants were entitled to reimbursement for one-half of the amount paid by them and those under whom they claimed on account of or in redemption of taxes or claims founded on taxes rightfully levied and constituting a legal charge on the property, with legal interest from the times of payment.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. § 101; Dec. Dig. § 51.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.

Julian Laughlin (M. L. Stephenson and E. C. Hornor, on the brief), for appellant.

W. H. H. Miller, for appellees.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

HOOK, Circuit Judge. This cause arises on the petition of one of the appellees and the successor of another for leave to file a bill of review in the court below. When the cause first arose in this court a decree was directed in favor of the appellant, Rannels, quieting his title to an undivided half interest in certain lands in Arkansas. 145 Fed. 296, 74 C. C. A. 376. The record showed that all the parties to the suit traced title to Edmund McGehee, who died in Mississippi in 1865, leaving a will in which he bequeathed and devised half of his estate to his widow and the other half to his children. The widow was named as one of the executors. In 1873 the widow in her representative capacity joined with her associates in executing executors' deeds, conveying with covenants of warranty the lands in controversy to a railroad company, under which Rannels claimed. The appellees claimed under conveyances afterwards made by the widow and children. The executors' deeds, as such, were void, because no authority to make them had been obtained from a court of competent jurisdiction; but we held that upon principles of estoppel they operated to convey the widow's half interest and that the interest finally vested in Rannels.

It is now desired to file a bill of review, and two grounds are set forth: First, newly discovered evidence consisting of court records in Bolivar county, Miss., where the estate of Edmund McGehee was being administered, showing, it is said, that in 1875 the widow there renounced her rights under the will and elected to take in lieu thereof a dower interest, which has since been extinguished; second, that in the direction for a decree provision should have been, but was not, made for equitable reimbursement to appellees for tax payments on the land in controversy.

Edmund McGehee died in 1865, and his will was probated in Mississippi in 1866. The widow's renunciation of the testamentary provisions in lieu of dower and her election to take dower occurred nine years later in Mississippi. The lands in controversy were in Arkansas, and it does not appear that there was a renunciation and election in that state. Under an Arkansas statute in force at that time (Gantt's Dig. §§ 2222, 2223), if a widow failed to renounce the testamentary provisions and to take steps for securing dower within a year from the death of her husband, she was deemed to have elected to take under the will. In Apperson v. Bolton, 29 Ark. 418, it was held that the statute controlled in the case of a foreign will so far as it affected lands in Arkansas, that a renunciation of provisions in lieu of dower and an election to take dower made in the state where the testator was domiciled and according to the laws thereof was of no force in Arkansas, and this though the will had not been probated in the latter

state. The statute and decision, constituting a rule of property, are controlling here, and seem effectually to dispose of the first ground in the petition. It should not be inferred, however, that we hold appellees have stated a case of new evidence which could not, with requisite diligence, have been seasonably discovered for use at the trial.

As the original decree of the trial court was for the appellees, their equitable right to reimbursement for tax payments was not determined, and our attention was not directed to it when the case came here. The interest of the successful party in the land should not escape the burden of contributing to the support of the government, and that he does what is equitable and just should be imposed as a condition to the entering of a decree in his favor. The reimbursement required should be limited to half of the amount found by the trial court to have been paid by appellees and those under whom they claim on account of or in redemption of taxes or claims founded on taxes lawfully levied and constituting a legal charge on the property, with legal interest from the times of payment respectively.

If the appellant, within 20 days from this time, file in this court his consent in writing that the decree may be conditioned as above, the petition for leave to file a bill of review will be denied; otherwise, it will be sustained so far as concerns the matter of tax payments.