## LAURA S. McGEHEE *v.* JOHN W. McGEHEE, EXECUTOR.

*Ancillary Administration—Transfer of Assets to Home—Res Adjudicata—Taking Under and Against Will.*

A state, other than that of testator's domicile, in which the will was originally probated, is not the home state, for the purpose of the general rule that the assets within the jurisdiction of the court of ancilliary administration will be transferred to the home for distribution.                          p. 667

The rule as to the transfer of assets to the home state is not absolute or inflexible but, in the exercise of a sound judicial discretion, will or will not be complied with according to the circumstances of the case.                          pp. 667, 668

A decision in the state in which a will was originally probated, that testator's widow was entitled to have a legacy paid to her from assets in the hands of the executor in that state, in addition to her distributive share, *held* not *res adjudicata* for the purpose of a decision by a Maryland court as to the payment of a legacy from Maryland assets, also in the hands of the executor, identity of subject-matter as well as of parties being absent.
p. 668

Testator's widow who, by reason of the invalidity of the will in the state of his domicile, there received her distributive share of his estate, in an amount greater than a legacy given her by

the will "in lieu of her dower rights," could not ask payment
of the legacy from assets in Maryland, where the will was valid,
since this would involve taking both under and against the will.
                                                        pp. 668-670

*Decided March 23rd, 1927.*

Appeal from the Orphans' Court of Anne Arundel County.

Petition by Laura S. McGehee objecting to a distribution
of assets belonging to the estate of H. Webster McGehee, in
accordance with an account filed by John W. McGehee,
Executor. From an order dismissing the petition and rati-
fying the account, petitioner appeals. Affirmed.

The cause was argued before BOND, C. J., PATTISON,
URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Nicholas H. Green* and *Winson G. Gott,* for the appellant.

*John S. Stanley* and *William Stanley,* with whom were
*Stanley & Stanley* on the brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

H. Webster McGehee at the time of his death was, and
for some time previous thereto had been, a resident of the
State of South Carolina, where he died September 9th, 1919.
At the time of his death he was possessed of a large personal
estate in Marion County, South Carolina, and was seised of
real estate in North Carolina, Virginia, and Maryland. He
left a widow, Laura S. McGehee, and several brothers and
sisters, but no children. About seven months prior to his
death, while visiting his brother, John W. McGehee, at Reads-
ville, North Carolina, he executed a will purporting to dis-
pose of all his property, which will was as follows:

"South Carolina, Marion County:

"I, Henry W. McGehee, of the county and state
aforesaid, being of sound mind and memory, but re-
flecting upon the uncertainty of my earthly existence,
do make and declare this my last will and testament
in manner and form following, that is to say:

"First: My executor, hereinafter named, shall give my body a burial suitable to the wishes of my relatives and friends, and pay all of my funeral expenses, together with all my just debts, out of the first moneys coming into his hands belonging to my estate.

"Second: I give and bequeath to my wife, Laura S. McGehee, all of my furniture and household goods of whatever kind or description and in addition I give and bequeath to her the sum of twenty thousand dollars ($20,000.00) to be used by her for her maintenance, support and comfort during her natural life, the same to be expended for said purposes in accordance with her personal wishes, and any amount of said sum, together with the interest and profits arising therefrom, which may remain unexpended at her death, I give to my nephew, Henry Richard McGehee, son of Dr. John W. McGehee. These bequests, together with the proceeds from certain policies of insurance on my life, amounting at this time to the aggregate sum of seven thousand five hundred dollars ($7,500.00), I give to my said wife, Laura McGehee, in lieu of her dower rights in my estate, and with the hope and confident expectation that the same will be amply sufficient to provide for her support and comfore during her natural life, which is my wish and desire. I have caused the name of my said wife to be inserted as beneficiary in said policies of insurance on my life, and it is my will that she shall have the proceeds thereof in her own right, to be expended or disposed of in accordance with her wishes, without any limitations or restrictions whatever, and should any of said policies lapse, or for any reason not be paid at my death, it is my will that my executor shall pay her the amount of such shortage or deficiency out of any other money coming into his hands belonging to my estate, it being my wish and desire that she shall have the full sum named in this item.

"Third: I give and bequeath to my nephew, Henry Richard McGehee, son of Dr. John W. McGehee, the sum of twenty thousand dollars ($20,000.00), said sum

to be held in trust for him by his father, Dr. John W. McGehee, until he reaches the age of twenty-one years, he being the infant child of said Dr. John W. McGehee. And said trustee is hereby authorized and directed to expend so much of said sum as he may deem necessary and proper for the care, maintenance and education of said Henry Richard McGehee during his minority. This is additional to the provision made for said Henry Richard McGehee in item second of this my will, and should he receive any money or other property from said bequest in item second of this my will during his minority, I direct that the same shall be held in trust for him during his minority by his said father, Dr. John W. McGehee, in the manner specified above regarding the bequest in this item.

"Fourth: I give, bequeath and devise all the rest of and residue of my estate, both real and personal or mixed, that may remain after the payment of the items hereinbefore named, and the costs and expenses of administration, to my brothers and sisters who may be living at my death and the children of any who may be dead, with the exception of my nephew Frank McGehee, who is to have no share, to be equally divided between them, except the children of a deceased brother or sister shall take *per stirpes* in such division, that is, they shall stand in the place of their deceased parent or take only the share that their parent should have taken had he or she been living at my death.

"Fifth: It is my will that my executor, hereinafter named, shall sell and dispose of my entire estate, both real and personal or mixed, in such manner and at such times as in his judgment may seem best, and I hereby give him full power and authority to sell all of said property, both real and personal or mixed, either at public or private sale, and to convey as such executor, all of my real estate, the proceeds from such sales to be used by said executor to carry out the full intent and purpose of this my will as hereinbefore set out.

"Sixth: I hereby constitute and appoint my brother Dr. John W. McGehee, my lawful executor, to all in-

tents and purposes, to execute this my last will and testament, according to the true intent and meaning of the same, and every part and clause thereof, hereby revoking and declaring utterly void all other wills and testaments by me heretofore made.

"In witness whereof, I, the said Henry W. McGehee, do hereunto set my hand and seal, this the 1st day of February, 1919.

"(Signed)   Henry W. McGehee.   (Seal)

"Signed, sealed, published and declared by the said Henry W. McGehee, to be his last will and testament in the presence of us, who, at his request, and in his presence (and in the presence of each other), do subscribe our names as witnesses hereto.

"J. R. Ratlington,
"J. R. Joyce."

The said will was offered for probate in Marion County, South Carolina, the place of domicil of testator, but probate was refused because the will had only two witnesses, the statute of that state requiring three witnesses. It was then admitted to probate in North Carolina, and John W. Mc-Gehee qualified as executor. A copy of the will, as probated in North Carolina, was then sent to the Orphans' Court of Anne Arundel County, and ancillary letters of administration thereon were granted by said court to the said John W. McGehee, as executor named therein, and a copy thereof was also sent to Dillwyn, Virginia.

The will being invalid in South Carolina, letters of administration on the personal property of the decedent were granted to Laura S. McGehee and John W. McGehee. In the distribution of said personal estate the said Laura S. McGehee received $42,466.25, being one-half; and the balance was distributed to the brothers and sisters, nephews and nieces of the decedent.

On July 1st, 1924, John W. McGehee, executor, sold the real estate of the testator in Anne Arundel County, Maryland, for $9,000, and the sale was finally ratified and con-

firmed by the orphans' court of said county. In his first
and final account filed in said court, there was distributed
to John W. McGehee, guardian of Henry Richard McGehee,
nephew of the decedent, "as per third item of will of dece-
dent, said Laura S. McGehee having received the equivalent
of $20,000 bequeathed to her in the second item of said will,
and more than said sum, under the statute of distributions of
South Carolina," $3,962.48, being the balance of the pro-
ceeds of the real estate sold in Anne Arundel County. This
account was passed by the court on June 9th, 1925. But on
petition of Laura S. McGehee, objecting to the distribution
of this balance to the guardian of Henry Richard McGehee,
and to several other items in the account, the court passed
an order requiring John W. McGehee to show cause why
the previous order should not be rescinded. To which peti-
tion an answer was filed. On August 26th, 1926, the court
ordered that the order of June 9th, 1925, be "abrogated and
revoked, and said account is retained for such further action
as may be determined by this court upon hearing." Where-
upon testimony was taken, and on November 16th, 1926, the
court passed an order dismissing the said petition and rati-
fying the account. This appeal is from that order.

As stated by appellant, the main question to be considered
is: "Did the acceptance of the distributive share given the
appellant under the laws of the State of South of Carolina
bar her from recovering the legacy given her under the will
'in lieu of her dower rights' out of the real estate situated
in the states where the will is valid?" Appellant does not
abandon her other exceptions; but if the main question is
decided against her it will not be necessary to consider the
others; so we will consider that first.

The appellant contends that she is entitled to claim her
legacy given "in lieu of her dower rights," and have it paid
from the sale of the real property situated in North Carolina,
Virginia, and Maryland, where the will is valid, notwith-
standing the fact that she has already received from the
personal estate of the testator, by reason of the fortuitous

circumstances of the invalidity of the will in South Carolina, much more than the bequest to her, which was clearly and obviously intended by the testator to be her entire share of his estate. This contention was upheld in North Carolina, where a like question was presented to the courts of that state, and it was held that the doctrine of election was not applicable. *McGehee v. McGehee,* 189 N. C. 558, 190 N. C. 476.

It is strongly urged by appellant: (*a*) That as "the administration in Maryland is ancillary only or auxiliary to the administration in North Carolina, where the will was probated," and as the will was originally probated in that state, such acts as may be done here are only to aid and assist the home court to fully administer the estate; that the general rule is that the assets within the jurisdiction of the court of ancillary administration will be transferred to the home for distribution, though this rule is not absolute or inflexible. This contention overlooks the fact that North Carolina was not the domicile of testator. (*b*) That the court of ancillary administration, even if it does not, in its discretion, transfer the assets to the home court, is bound by the order of distribution of that court, as what it does is only in aid of the home administration; that by reason of the decision in North Carolina the main question involved in this appeal is *res adjudicata,* and that the Maryland court was bound thereby. (*c*) That, even if the question is not *res adjudicata* by reason of the decision in North Carolina, that decision is in accord with the law of Maryland.

Taking up these contentions in order:

(*a*) It is conceded by appellant that the rule contended for is not absolute or inflexible, but, in the exercise of a sound judicial discretion, will or will not be complied with according to the circumstances of the case. *Cassilly v. Meyer,* 4 Md. 1; *Williams v. Williams,* 5 Md. 467; *Wright, Excr., v. Gilbert, Excr.,* 51 Md. 155. In *Williams v. Williams, supra,* it is said that the general rule (that, where there is a foreign ancillary administration, the assets within such juris-

diction will be transferred to the place of the domicil) should prevail, unless to obey it would work injustice or injury to parties having such an interest in the estate as will entitle them to object to its observance. This was said in a case where the original probate was in the state of testator's domicil. Even in such a case this Court recognized a discretion in the court, to be exercised "according to the circumstances of the case."

In the present case, not only was North Carolina not the domicil of the testator, but there are circumstances which require that the distribution be made in Maryland in order to do justice to the parties.

(b) Is the question at issue *res-adjudicata?* We do not so consider it. While the question there decided is identical in principle with that in the present case, the necessary elements of identity of subject-matter and parties are lacking. *Johnson v. Stockham,* 89 Md. 376; *Seldner v. Katz,* 96 Md. 214; *Stacy v. Thrasher,* 6 How. (U. S.), 61; *Johnson v. Powers,* 139 U. S. 156; *Reynolds v. Stockton,* 140 U. S. 270; *Overby v. Gordon,* 177 U. S. 214; *Clarke v. Clarke,* 178 U. S. 187; *Brown v. Fletcher Estate,* 210 U. S. 82; *Fall v. Eastin,* 215 U. S. 1; *Nash v. Benari,* 117 Me. 491.

The case of *Dalrymple v. Gamble,* 68 Md. 523, cited by appellant, is not in conflict with the cases cited above. In that case the decision was in the state of domicil, and the parties and subject-matter were identical.

(c) Is the doctrine of equitable election as construed in this state applicable to the facts of the present case? We think it is. The leading case in Maryland on this subject, recognized as such as late as *Lewis v. Carver,* 140 Md. 127, is *McElfresh v. Schley,* 2 Gill, 181. There one Casper Mantz devised to Theresa, one of his three sisters, certain real estate, and constituted her his residuary legatee and devisee. He bequeathed to her all his "money, choses in action, and all the rest, residue and remainder of my property real, personal and mixed (not hitherto devised or bequeathed) of which I am now possessed, or of which I may

be possessed at the time of my death. * * *" The testator also devised real and personal estate in trust for his two other sisters. After the execution of this will he purchased other real estate, and died without republishing his will. At that time property to be acquired after the execution of a will could not be devised. It was held that the two sisters of Theresa, who had taken possession of all the trust property devised to them, could not also claim as heirs at law their proportion of the after-acquired real estate; that if they elected to take the property devised, all their right to the property purchased after the date of the will would be directed to be conveyed to Theresa, the residuary devisee, but if they elected to take as heirs the after-purchased land, their life estates in the property devised to them would pass to the residuary devisee. One of the arguments advanced in that case was that the doctrine is inapplicable to a clause in a will which, although it may manifest the intention of the testator, is in itself inoperative to pass any estate by the rules of law. This is practically the argument made by appellant in the present case in regard to the personal property of which, under the rules of law, she took twice as much as was intended for her by testator, because the will was defectively executed and could not be probated in the state of testator's domicil. But the Court brushed aside this contention, and refused to follow a case (*Philadelphia v. Davis*) cited from 1 Whart. (Pa.), 509, in which the rule of election was confined to the operative parts of the will "from fear of being led into error by endeavoring to give effect to an intention imputed to the donor, saying, "It would be only in such cases where the intention was plain, that the rule would or ought to be extended, and when this is clearly ascertained, it would be unbecoming a court of conscience to allow the heir to take the devise to himself, and also as heir, what was manifestly intended for another." The Court also said: "There are cases of void wills, such as the will of a *feme covert,* or an infant, which certainly, by established cases, will not demand an election; but these have been rightly placed on a

ground, which does not affect the present question. So, too, a will not executed and attested according to the statute, creates no case of election from implication. They are considered as no wills; they cannot be read as evidence; and there is nothing, therefore, to indicate intention. But in the case before us, the will is properly in evidence; and the intention is clearly indicated." The latter part of the above quotation indicates the destinction between the *McElfresh* case·and the case of *Jones v. Jones,* 8 Gill, 203, cited by the North Carolina Court, and relied on by appellant. In the latter case the will was valid in Pennsylvania, the domicil of the testator, but invalid to pass real estate in Maryland for lack of a sufficient number of witnesses. It came before the court in Maryland with reference to the property of testator in Maryland, which was real estate. It was therefore held to be no will in Maryland, and the Court held that it furnished no evidence as to the intention of the testator. The two cases are clearly distinguished in *Barbour v. Mitchell,* 40 Md. 151, where the *McElfresh* case is followed.

The *McElfresh* case, *supra,* and *Barbour v. Mitchell, supra,* are, we think, conclusive of the present case. Here the intention of the testator is so plain as to admit of no doubt, and it is expressed in a will which is valid in Maryland, and under which the real estate, the proceeds of which are now in controversy, was sold; and under which appellant is claiming. The will was, necessarily, before the court, and was properly considered in arriving at the intention of the testator. Appellant cannot, at the same time, take under and against the will.

Having taken against the will more than twice the amount of the bequest to her, she should not be permitted, by taking under the will, to further diminish the share intended for another.

*Order affirmed, with costs to appellee.*