## JUSTUS YUNGERMAN et al. *v.* ROSE M. YUNGERMAN.

[No. 65, October Term, 1933.]

*Decided January 11th, 1934.*

The cause was argued before Bond, C. J., Urner, Digges, Parke, and Sloan, JJ.

*William A. Gunter* and *W. Earle Cobey,* for the appellants.

*John Wagaman,* for the appellee.

Bond, C. J., delivered the opinion of the Court.

The appellants contend that there was error in an allowance to the appellee of a widow's rights in lands of her de-

ceased husband, notwithstanding an absence of any renunciation by her of a provision in his will that the proceeds of a sale of all his real estate, together with all the personal estate, should be held in trust to pay her the income, and principal, if necessary, for her support, during her life or until remarriage. The court below agreed with a contention of the appellee that the provisions for conversion of the real estate by the sale, and trust in the proceeds, rendered the gift in the will one of personalty only, and that failure to renounce that gift did not interfere with the widow's taking her rights in the realty.

John Yungerman, of Hagerstown, died leaving a widow, but no parents, children, or descendants, and his will, after bequests of personal belongings and money to his wife, and after eight other bequests of money, directed his executor to convert the real estate into cash, gave the widow the right of disposing of the real estate within a year, and provided for the trust of the proceeds and of all personalty as stated. From the principal remaining at the death or remarriage of the widow, a bequest was made, contingently, to a church, and all the rest and residue of the estate was left to the heirs at law. Two executors were named, the widow and another. The inconsistency between the earlier bequests mentioned and the gift of all property in trust led the widow alone, both as widow and as executrix, to apply to the circuit court in equity for instructions, and in her bill, while consenting to the sale of the real estate, she asserted the right to a widow's one-half interest in the proceeds. The bill was filed a year after the grant of letters testamentary. The other parties in interest answered, opposing the claim, and the appeal is taken by them from a decree allowing it.

The statutes of the state provide that "every devise of land or any estate therein, or bequest of personal estate to the wife of the testator shall be construed to be intended in bar of her dower in lands or share of the personal estate, respectively, unless it be otherwise expressed in the will," and that the bar shall become effective by the wife's failure to file a written renunciation within six months of the grant of letters

testamentary. Code, art. 93, secs. 310 and 311. If the will "devise a part of both real and personal estate, she shall renounce the whole or be otherwise barred of her right to both real and personal estate," and if it "devise only a part of the real estate, or only a part of the personal estate, it shall bar her of only the real or personal estate, or both, as the case may require." Sections 312 and 313. Acceptance of a devise or bequest is not required to bar a widow's rights outside the will; absence of renunciation is alone sufficient to bar them. Only by positive renunciation within the time limited can the bar be avoided. "The law makes failure to renounce, whether voluntary or not, an acceptance of the devise. In legal contemplation a widow who does not renounce the valid gifts made to her by the will does accept or abide by them." *Miller, Construction of Wills,* 824. Therefore the appellee, having failed to file any renunciation within the time limited, must be barred of rights in opposition to the will if property such as she seeks has been devised to her; and that is the one question presented: whether in the face of the direction for conversion of the real property before it is applied to the benefit of the widow under the trust, it can be said that real property was devised within the meaning and purposes of these statutory provisions. A devise in trust has been treated as the equivalent of a devise of the legal title directly to the wife, within the principles to be applied. *Kernan v. Carter,* 132 Md. 577, 104 A. 530; *Darrington v. Rogers,* 1 Gill, 403, 410; *Collins v. Carman,* 5 Md. 503, 524; *Miller, Construction of Wills,* 832. But the court seems never before to have been required to consider the precise situation presented in this case. The testator here did by his will make provision for his widow out of his real estate, and out of all his real estate, omitting none from which dower or a widow's portion might be subtracted; and in the opinion of this court that fact is decisive of the case, and the widow has no claim to rights against the will, because the statutes take as the basis of construction of the testator's intention, and of the requirement of election, the testator's

appropriation to the widow's benefit of his property of the one kind or the other as he had it, and not the form in which the benefits are ultimately to reach the widow under this arrangement.

These statutes, and the principles in modification and furtherance of which they have been enacted, are designed to prevent an inconsistency in a widow's taking what, for brevity, may still be termed dower rights, or rights independent of the husband's will, and taking also gifts he has made by the will to take the place of those dower rights. Gifts made in lieu of dower are any gifts he may intend to be such, and he may give that effect to gifts of property of any kind in any form. The kind or form is not the determining factor; the ascertained intention of the testator determines the character as in lieu of dower or otherwise. "The only question in the cases has been whether an intention not expressed by apt words could be collected from the terms of the instrument; * * * and the result of all the cases upon implied intention is, that the instrument must contain some provision inconsistent with the assertion of a right to demand a third," etc. 1 *Roper, Husband and Wife,* 572. Code, art. 93, sec. 310. The earlier courts naturally found ground for inferring this intention when the testator devised to the wife property of which she would be dowable, for it might be supposed that the husband would not intend her to take independently of his will property that he included in his will. "When a pecuniary legacy, personal annuity, or other interest merely affecting the personal assets, is bequeathed by the husband to his widow, without a declaration that it is intended in satisfaction of dower, no implication whatever arises that the disposition was made with that view or intent, so that she will be entitled to both. But when lands or rents out of lands in which the widow is dowable are bequeathed to her by her husband, a presumption arises from that circumstance (though not of itself sufficiently clear and certain to put her to an election, as after appears), that such devises were meant in lieu and bar of dower." 1 *Roper, Husband and Wife,* 577. "'The argument was that it was impossible

the testator could mean that she should have any other interest in the premises than he had given her." *Strahan v. Sutton,* 3 Ves. 249. The gift is to be taken to be in lieu of dower when the will "expresses an intention to devise the land otherwise than subject to its legal incidents, that of dower included." *Ellis v. Lewis,* 3 Hare, 310.

Evidently, however, the decisions of the chancery courts were thought to be giving too little weight to this inference (see cases reviewed in 1 *Roper, Husband and Wife,* 577, etc.; 2 *Scribner, Dower,* 444, etc.), for in this situation legislative enactments were interposed in many jurisdictions to require the inference to be drawn in the absence of contradicting expressions by testators. The Maryland provision, in article 93, section 310, of the Code, that "every devise of land or any estate therein, or bequest of personal estate to the wife of the testator shall be construed to be intended in bar of her dower in lands or share of the personal estate, respectively, unless it be otherwise expressed in the will," is similar to provisions in other jurisdictions. These provisions were contributing to the solution of the old problem of the testator's intention, and, certainly, as this court views it, were still concerned with the effect of a testator's appropriation to his widow's benefit of this or that part of his property as he had it, and were not bringing in and giving effect to a new element of the form in which the benefits might reach the widow. The test is still the form of his property which he has placed in the channel of his will, not the form in which she is to hold or enjoy it. The construction contended for by the appellee would permit her to enjoy parts of the same property under the will and against it.

The doctrine of equitable conversion of the real property by the sale directed could have no bearing at all on the requirement of the widow's election whether she shall take such property under the will or independently of it. Like every other doctrine of the law that one has its place; and this is not the place. *Cronise v. Hardt,* 47 Md. 433, 436; *Shaw v. Chambers,* 48 Mich. 355, 359, 12 N. W. 486; *Connell v. Crosby,* 210 Ill. 380, 390, 71 N. E. 350; *McCurdy v. Mc-*

*Curdy,* 197 Mass. 248, 250, 83 N. E. 881; *Baptist Female Univ. v. Borden,* 132 N. C. 476, 490, 44 S. E. 47, 1007; *In re Swift,* 137 N. Y. 77, 88, 32 N. E. 1096. It is a doctrine made use of as a means for carrying out the purposes of a will, and the practical questions growing out of its operation are "generally connected with the devolution—inheritance or succession—of the property converted upon the death of the person for whose benefit it was originally given, or with his transfer of it by assignment, or with claims to it of third parties." *Pomeroy, Equity Jurisprudence,* secs. 1159, 1166. 1 *Jarman, Wills* (7th Ed.), 684. The court is not dealing with any such question of administration or devolution of title under the will.

As has been stated, the precise question now decided seems never before to have been presented to this court, but it has been considered in many cases in other jurisdictions, and decided in accordance with the views here expressed. *Barnett's Adm'r v. Barnett's Adm'r,* 1 Metc. (Ky.), 256; *McReynolds v. Jones,* 30 Ala. 101; *James v. Hanks,* 202 Ill. 114, 66 N. E. 1034; *Brink v. Layton,* 2 Redf. (N. Y.), 79; *Asche v. Asche,* 113 N. Y. 232, 21 N. E. 70; *Re Thomas* (1886), L. R. 34 Ch. Div. 166; *Lacey v. Hill* (1875), L. R. 19 Eq. 346; *Cunningham's Estate,* 137 Pa. 621, 628, 20 A. 714; *Jarman, Wills* (7th Ed.), 684.

> *Decree reversed, and cause remanded for a decree in accordance with this opinion, with costs.*