ALVERTA J. BISH *v.* MILTON W. E. BISH, ET AL.

[No. 42, January Term, 1943.]

*Decided April 9, 1943.*

The cause was argued before SLOAN, C. J., DELAPLAINE, COLLINS, MARBURY, GRASON, MELVIN, and ADAMS, JJ.

*Theodore F. Brown,* with whom was *A. Earl Shipley* on the brief, for the appellant.

*F. Neal Parke* for the appellee.

COLLINS, J., delivered the opinion of the Court.

Nelson G. Bish, a resident of York County, State of Pennsylvania, died on January 29, 1939, seized and possessed of real estate in Pennsylvania and in Carroll County, Maryland. He left a will which was admitted to probate in York County, Pennsylvania, on February 4, 1939, and letters testamentary were immediately granted to Theodore H. Bish. The pertinent parts of the will are as follows:

"II. I will to my wife Alverta J. Bish the income of three thousand (3000.00) dollars and the property along the State Highway as long as she may live. At her death to — sold and the proceeds to be divided, Share and share alike among my six children, except Milton W. E. Bish the sum of five ($5.00) dollars.

"Curley L. S. Bish share to have seven hundred ($700) dollars deducted for payment of notes, then his heirs to have share as amount remains Theodore H. Bish, Ellen S. M. J. Lohr (nee Bish), Goldie M. A. Noble (nee Bish), J. Paul A. Bish, my executor to *to* see that the three thousand ($3000) dollars are safely invested for my wife Alverta J. Bish. Her income to be paid every six month. The home to *by* hers till her death when it shall be sold by my executors and divided among my six children

share and share alike, except Milton W. E. Bish to have only five ($5.00) dollars as his share.

"And I hereby nominate, constitute and appoint Theodore H. Bish and Benjamin Noble Executors of this, my last will and testament."

There is no separate mention of the land in Carroll County, Maryland. On February 6, 1939, the widow, Alverta J. Bish, the appellant here, and the second wife of Nelson G. Bish, filed in the Orphans' Court in York County, Pennsylvania, in writing, her election to take under the last will and testament of the deceased. On August 8, 1939, a certified copy of the record of proceedings in the Orphans' Court of York County, Pennsylvania, was filed in the Orphans' Court of Carroll County where ancillary letters of administration were immediately granted to the said Theodore H. Bish.

Later, on November 13, 1940, which was more than one year and nine months after the granting of letters testamentary, Alverta J. Bish filed in the Orphans' Court for York County, Pennsylvania, a petition in which she alleged that when she filed her election to take under the will, she did not have full understanding of her rights and asked the court there to set aside her election and that she be allowed to file her election to take against the will. On December 19, 1940, an order was passed by that court cancelling the election of the said Alverta J. Bish to take under the will and order that her election to take against the will be entered on record. A certified copy of these proceedings was filed in the Orphans' Court for Carroll County, Maryland, after December 31, 1940.

The heirs at law of the said Nelson G. Bish were his widow, Alverta J. Bish; a son, Milton W. E. Bish; a son, Theodore H. Bish; a daughter, Ellen S. M. J. Lohr; a daughter, Goldie M. A. Noble; a son, J. Paul A. Bish; and two grandchildren, the children of a deceased son, Curly L. S. Bish, namely, Wilmas Bish and Effie Strickler.

On December 9, 1942, the widow, Alverta J. Bish, filed a bill of complaint against the other heirs in the Circuit Court for Carroll County, Maryland, alleging the facts hereinbefore set forth and that, by reason of her renunciation of the aforesaid will, she was entitled to an undivided one-third interest in the real estate in Carroll County, Maryland, and that it was to the interest and advantage of all parties that this real estate be sold under decree of the Equity Court for Carroll County and that one-third of the proceeds be paid to her and the remainder, according to the last will and testament of Nelson G. Bish. The Union Mills Savings Bank was made a party defendant by reason of a judgment obtained against some of the heirs. Filed with this bill of complaint was an Exhibit A, which she stated was the last will and testament of the deceased.

An answer to the bill of complaint, filed by Theodore H. Bish, one of the heirs, alleged, in part, that the statute law of the State of Maryland was not complied with to make an effective renunciation of the will in Carroll County, Maryland, and denied that the plaintiff was entitled to an undivided one-third interest in the real estate and after other allegations, asked that he be dismissed with costs.

A demurrer to the answer of Theodore H. Bish was filed, whereupon the following agreement for decree was filed: that the land "be sold by trustees appointed by the Circuit Court for Carroll County, in equity, and the net proceeds of sale be brought into court and distributed among the parties entitled, in accordance with their respective interests as the same may be determined by the court in the above entitled cause, the parties to this cause reserving the right of appeal therefrom."

A decree was then entered decreeing the sale of the farm and providing that: "net proceeds of sale to be distributed and disposed of under direction of the court 'in accordance with the respective rights and interest of all the parties to this cause, in accordance with their re-

spective interests and estates, as though the net proceeds of sale were real estate and made distribution as the court shall find the several and respective parties entitled'."

The sale of the real estate for $4,830 was made, reported to the court, ratified and confirmed, and the purchase money paid to the trustees.

On November 25, 1942, a decree was passed by the chancellor decreeing that by the failure of Alverta J. Bish to renounce the will in the place and within the time provided by the Maryland statute, that the land and the net proceeds therefrom in Carroll County pass according to the terms and provisions of the last will and testament of Nelson G. Bish. It was further ordered in the decree that testimony be taken before one of the examiners of the court as to what real and personal estate was taken by the heirs in Pennsylvania in order to redress what inequalities, if any, may result to other beneficiaries by reason of the renunciation of the will by Alverta J. Bish in Pennsylvania and taking under the will with respect to the real estate of the testator in Carroll County, Maryland.

An appeal is taken to this court by Alverta J. Bish from that decree.

The primary question for our decision is: Is the renunciation made by Alverta J. Bish on November 13, 1940, in Pennsylvania, more than one year and nine months after the granting of letters testamentary, a renunciation of the will in Maryland, where part of the real estate was located?

Code, 1924, Art. 93, Sec. 311, in force at the time of the death of the testator, now Code, 1939, Art. 93, Sec. 314, provides: "A surviving husband or widow shall be barred of his or her right of dower in land or share in land or share in the personal estate by any such devise or bequest, unless within six months after the first grant of letters testamentary upon the wife's or husband's will, as the case may be, he or she shall deliver or transmit

to the court or Register of Wills where administration has been granted a written renunciation in substantially the following form or to the following effect." The form then follows. Chapter 142 of the Acts of 1941 and Chapter 499 of the Acts of 1939 were not in force at that time. The mode of transfer of land and the right of succession on intestacy is controlled by the law of the place where it is located. *Tiffany on Real Property*, 2nd Ed., Vol. I, Sec. 1, p. 3; *Miller on Construction of Wills*, p. 11, Sec. 3. This court said in the case of *Collins v. Carman*, 5 Md. 503, at page 530: "If she makes no election within the time prescribed, the law makes it, without stopping to enquire why or for what reason she made none." *Gough v. Manning*, 26 Md. 347, 366; *Kernan v. Carter*, 132 Md. 577, 588, 104 A. 530. Chief Judge Bond said in the case of *Yungerman v. Yungerman*, 165 Md. 609, 611, 170 A. 170, 171, 911 *A. L. R.* 863: "Only by positive renunciation within the time limited can the bar be avoided." Quoting from *Miller on Construction of Wills*, page 824: "The law makes failure to renounce, whether voluntary or not, an acceptance of the devise. In legal contemplation a widow who does not renounce the valid gifts made to her by the will does accept or abide by them." The law in this State could certainly not be more positive that, unless a widow renounces within the time allowed by the statute, she accepts under the will.

Appellant argues that, because Pennsylvania was the State of domicile of the testator, the election to take against the will in Pennsylvania acts as a renunciation of the will everywhere. However, the renunciation in Pennsylvania was not made within the time allowed and only by order of the Orphans' Court of York County, Pennsylvania, was she given the right to file the renunciation after the time had expired. The Maryland statute does not limit the time of the election to the wills of residents only, and there being no such restriction, it must have general application and embrace the wills

of both residents and non-residents. *Jennings v Jennings*, 21 Ohio St. 56. In the case of *Perry v. Wilson*, 1919, 183 Ky. 155, 208 S. W. 776, 780, the testator died, domiciled in Oklahoma, owning land in Kentucky. The Kentucky court, in holding that the surviving spouse, who failed to elect against the will within twelve months after probate, would be barred from claiming dower in the lands of the deceased husband, said: "It is true the will was made by a testator domiciled in the State of Oklahoma, and it might be insisted that Section 1404, *supra*, had no reference to a foreign will, but only to domestic ones, and that the intentions of such a testator should be determined by the law of his domicile, and no doubt, as a general rule, this is correct; but it is certainly incontestable that the title to real estate is governed by the law of the place where it is situated, and solely by such law. It is only by virtue of the laws of this State that a widow of an owner of land in this State, who dies a citizen and resident of another State, is entitled to dower in such lands; and, under such circumstances, she should only have dower in lands situated in this State, under the terms and conditions prescribed by the laws of this State." Under similar circumstances, she should only have dower in land or share in land situated in the State of Maryland under the terms and conditions prescribed by the laws of the State of Maryland. In the case of *Apperson v. Bolton*, 29 Ark. 418, the court held that, although an election to take dower might be assumed to have been properly made under the law of the State of decedent's domicile, if no election was made within the time specified by the Arkansas statute, that the widow would be deemed to have elected to take under the will and barred from claiming dower. *Roessle v. Roessle*, 1914, 163 App. Div. 344, 148 N. Y. S. 659; *Rannels v. Rowe*, 1908, 166 F. 425; *McGinnis v. Chambers*, 156 Tenn. 404, 1 S. W. 2d 1015, 82 *A. L. R.* 1492; *Brinkerhoff v. Huntley*, 223 Ill. App. 591.

The appellant cites to us numerous cases which hold that where she renounces a will in the State of the

domicile, she renounces it everywhere and cannot take testamentary benefits under it anywhere. The leading case is *Colvin v. Hutchison*, 338 Mo. 576, 92 S. W. 2d 667, 105 *A. L. R.* 266. In that case, there was no question of the sufficiency of said renunciation and election as to form and time of its execution and filing in the State of the domicile, which was the State of Illinois. The Illinois statute specifically provides that no such election to take or waiver of dower shall be of any effect unless filed or recorded within the time provided. The case of *Colvin v. Hutchison, supra,* and many of the other cases relied on by the appellant, were decided mainly on the doctrine of election, which rests upon the equitable ground that no one can be permitted to claim inconsistent rights with regard to the same subject. The appellant also cites cases from the State of Minnesota, but in that State, at the time these cases were decided, there was no requirement to renounce the will in order to take under the statute. In none of the other cases cited was there any question as to the sufficiency of the renunciation in the State of the domicile within the time required by the statute of that domiciliary State.

In *Restatement of the Law, "Conflict of Laws,"* Sec. 253, pages 337 and 338, at paragraph c, it is said: "If, by the law of the State where the land is, election to claim dower must be made within a certain time or in a certain way, election must be made in accordance with that requirement if the widow is to claim the land." For the reasons hereinbefore given, we believe that the chancellor was correct in decreeing that the widow in Maryland has no right, estate or interest of dower or other statutory rights, estate or interest, as surviving widow of Nelson G. Bish, deceased, in the real estate located in Maryland except as the said last will and testament of Nelson G. Bish provided. Code, 1924, Art. 46, Secs. 3, 4.

Although the land in Carroll County, Maryland, is not mentioned in the will, the failure of the appellant to re-

nounce the will in Maryland, and the acceptance by her of the devise in the will bars her dower and statutory rights in that land just as she would have taken her dower or statutory rights at that time in all such lands if she had renounced the will and elected to take her dower or statutory rights. *Durham v. Rhodes,* 23 Md. 233, 234, 235, 240, 241. In that case it was conceded that the testator died intestate as to the property in dispute, being property acquired after the execution of the will, as the law stood at the time of the testator's death. The court said in that case, at pages 241 and 242 of 23 Md.: "We are of the opinion, that the acceptance by Elizabeth Albers of the devises and bequests in the will of her husband, barred her dower in the subsequently acquired property. Had she renounced these, she would have taken dower in it, though held by equitable title only, under our Act of Assembly, in such case provided. The acceptance has respect to her dower in all the property, of which she would otherwise be endowed at the time of the act of acceptance, and bars it; just as she would have taken dower, at that time, in all such lands, if she had renounced. We think this is a proper construction of our Acts of Assembly upon this subject. 1798, Chap. 101, Subchap. 13, Secs. 1, 2, 3, 4. 1831, Chap. 315,, Sec. 2." 1798, Chap. 101, Subchap. 13, Secs. 1, 2, 3, 4 are now Code, Art. 93, Secs. 313, 314, 316, 317. The Acts of 1831, Chap. 315, Sec. 2, provided:

"Sec. 2. And be it enacted, That the time allowed by law for a widow, to make her election, whether she will accept of or renounce a bequest or devise, made to her by the will of her husband, be, and the same is hereby extended to the period of six months, from the day upon which administration may be first granted on her husband's estate; and whenever, any widow who may hereafter deliver or transmit to the register of wills, of the county in which administration may be granted on her husband's estate, her written renunciation within the period aforesaid, such renunciation shall

have the same effect and operation in law to all intents and purposes, as if she had renounced the same within ninety days, after the authentication or probate of the will; Provided, That nothing in this section contained shall extend to cases in which at the time of the passage of this Act, ninety days shall have elapsed from the authentication or probate of any will."

As amended Code, 1924, Art. 93, Sec. 311, *supra*, Code, 1939, Art. 93, Sec. 314, *supra*. Quoting from *Miller on Construction of Wills*, p. 829, Sec. 295: "A devise or bequest to the widow of the testator in lieu of dower differs from ordinary testamentary gifts which are merely voluntary and which arise from the bounty of the testator. A gift made in lieu of dower and accepted by her is not taken by way of bounty, nor does she take as a donee or volunteer, but as a meritorious purchaser; the consideration from her being her relinquishment of her right to dower. This principle became statutory law by the Act of 1798, Code, Art. 93, Sec. 314, the statute declaring 'it being the intent of this article and consonant to justice that a widow accepting or abiding by a devise, in lieu of her legal right, shall be considered as a purchaser with a fair consideration'."

Code, 1924, Art. 93, Sec. 314, was in effect in the instant case at the time of the testator's death. Art. 46, Secs. 3, 4, *supra; Thomas v. Wood*, 1 Md. Ch. 296, 300.

This land in Carroll County, Maryland, is, however, charged with the payment of the life estate for the benefit of the wife. Code, 1939, Art. 93, Sec. 346; *Bristol v. Stump*, 136 Md. 236, 241, 110 A. 470.

We are of the opinion that testimony should be taken to determine the real and personal property taken by the heirs in Pennsylvania including the widow especially, in order to adjust any inequalities which may result by the said Alverta J. Bish having renounced the will in Pennsylvania and taking under the will in Maryland. The value of the property taken by the widow in Pennsylvania and in Maryland should not exceed the

value of the life estate, under the rules of court, devised to the said Alverta J. Bish by the will which she failed to renounce in Maryland. *McGhee v. McGhee*, 152 Md. 661, 136 A. 905. It was said in that case at page 670 of 152 Md., at page 908 of 136 A.: "Appellant cannot, at the same time take under and against the will. Having taken against the will more than twice the amount of the bequest to her, she should not be permitted, by taking under the will, to further diminish the share intended for another." *Devecmon v. Kuykendall*, 89 Md. 25, 42 A. 963; *Cockey v. Cockey*, 141 Md. 373, 379, 118 A. 850; *Mercantile Trust Co. v. Schloss*, 165 Md. 18, 28-30, 166 A. 599; *Marriott v. Marriott*, 175 Md. 567, 582, 583, 3 A. 2d 493; *Mast, Foos & Co. v. Stover Mfg. Co.*, 177 U. S. 485, 488, 44 L. Ed. 856.

This appeal is before this court by virtue of Code, 1939, Art. 5, Sec. 31, providing that an appeal may be granted from any order determining a question or right between the parties, and directing an account to be stated on the principle of such determination.

*Decree affirmed, costs to be paid out of the estate.*

MARBURY, J., filed the following dissenting opinion:

A resident of Pennsylvania died, leaving a widow (his second wife), and children and grandchildren. By his will, admitted to probate in Pennsylvania and Maryland, he gave his widow his property along the State Highway in Pennsylvania for her life, and he also gave her the income from $3,000 for her life. At her death the real estate in Pennsylvania so devised, is to be sold, and the proceeds divided among his children. He also owned real estate in Carroll County, but no mention is made of this property in his will, nor is there any residuary clause in the will. As to the Maryland property, therefore, there is a partial intestacy.

The widow filed her election to take under the will in Pennsylvania, but subsequently, at her request, this was

cancelled and she was permitted by the Orphans' Court there to elect to take against the will. She filed no renunciation of the devise and bequest left her in the will in the Orphans' Court of Carroll County, Maryland, where ancillary letters were taken out by the executor. The election or renunciation she filed in Pennsylvania was not in the form required by the Maryland statute, nor was it filed in the time required.

This cause commenced with the filing of a bill for sale in lieu of partition by the widow in the Circuit Court for Carroll County in equity, against the heirs of her husband, under the Maryland inheritance law, who were also the devisees and legatees under the will. The theory of the bill is that the will is not in force in Maryland, and that the widow is therefore entitled to a one-third interest in the Carroll County real estate. By agreement, this property was sold by trustees appointed, and the proceeds of $4,830 are now held by them to be disposed of in accordance with the final decree of the court.

The court passed a decree holding that the will was in effect in Maryland, and directing testimony to be taken to determine the financial effect in Pennsylvania of the widow's renunciation there. This was ordered done so that the court could compensate the beneficiaries under the will for any inequality resulting from the widow taking against the will in Pennsylvania and under the will in Maryland. This is not a final decree, but it determines rights of the parties and orders an account, so it is properly reviewable here.

All of the members of this court, participating in the case, agree that the court below was correct in his decision that the will is in effect in Maryland, and that the election to take against the will in Pennsylvania does not constitute a renunciation under the Maryland law. The result of this is necessarily that the appellant has no standing here as the widow of an intestate. She is before us as a devisee and a legatee in a will, and as such cannot claim any dower or statutory share in the Carroll

County land, even if there is a partial intestacy as to that. She is treated here, so far as her interest in Maryland real estate is concerned, as if she were taking under the will. *Durham v. Rhodes*, 23 Md. 233.

The majority of the court, however, agree with the remainder of the decree of the court below by which testimony and accounting is ordered. Such testimony and accounting is required, according to their opinion, because the land in Carroll County is "charged with the payment of the life estate for the benefit of the wife." As a result, rights of the widow and of the other beneficiaries are to be thrown into a kind of hodge-podge, from which the court is to extract what is deemed by it to be fair to each. This is a dangerous extension of the doctrine of equitable compensation. The effect of the application of such a theory in this case, if it has any effect at all, is to benefit the widow and not the other beneficiaries under the will. The doctrine has formerly been applied only for the benefit of those whose interest may suffer by reason of the election of the widow. *Mercantile Trust Co. v. Schloss*, 165 Md. 18, 166 A. 599; *Marriott v. Marriott*, 175 Md. 567, 3 A. 2d 493.

The widow has elected not to take under the will. Her election is no less binding on her because she only made it in one jurisdiction. It does not give her dower or statutory rights in real estate in Maryland, because she neglected to make it in time or in proper form here. Nevertheless, it is her election by means of which she acquired rights in Pennsylvania, and by means of which the rights of other beneficiaries are affected. It might not be unreasonable to presume that her election was to her benefit, and to the consequent deprivation of the others. That is beside the point. She had the choice. She made it. The other beneficiaries could do nothing about it. She could have made the same choice here. She did not probably because she was not adequately advised. Her reason is also beside the point, because the same result would be reached if she deliberately failed

to renounce here. That result is that she takes against the will in Pennsylvania, but cannot take against it in Maryland.

Can she take against the will in Pennsylvania and under the will in Maryland? The majority opinion is that she does. Yet this court has said flatly: "Appellant cannot, at the same time, take under and against the will." *McGhee v. McGhee,* 152 Md. 661, 136 A. 905, 908. The law of estoppel by election operates against her.

This doctrine is based upon the equitable ground that no one can be permitted to claim inconsistent rights with regard to the same subject. In one of the latest cases decided in Missouri in 1936, this rule is stated as follows: "But, when she renounces the will in the State of her residence, where its validity is established by probate, she renounces it *in toto* everywhere and cannot take testamentary benefits under it anywhere." *Colvin v. Hutchison,* 338 Mo. 576, 92 S. W. 2d. 667, 670, 105 *A. L. R.* 266. This case is annotated in 105 *A. L. R.,* page 271, and many cases from other jurisdictions are cited on page 283, under the heading "Election to Take Against Will." In addition to these cases there are two cases in Minnesota which discuss the theory further. One of these is *In re Estate of Washburn,* 32 Minn. 336, 20 N. W. 324, decided in 1884. The other is *In re McAllister's Estate,* 135 Minn. 357, 160 N. W. 1016, *L. R. A.* 1917C, 504, decided in 1917. In the later case a resident of Iowa died testate owning not only property in the State of his domicile, but also real estate in Minnesota. The widow elected to take under the will in Iowa. Under the Minnesota law the deceased died intestate as to the land in that State, and under that law the widow would take all. The widow did not file any election in Minnesota, but the question was whether her rights under the Minnesota statute were affected by her election in Iowa. The court said there was no conflict in the cases elsewhere, and that the widow was estopped by her election in Iowa to share in the Minnesota property.

It is no answer to say that the appellant does not claim under the will in Maryland. She could not claim, yet the majority of the court give her rights against her claim, which they could not give her were she to claim them. It is difficult to frame any reasoning which would justify such a result.

Whether or not this widow has received in Pennsylvania more or less than the commuted value of her life interest in a $3,000 fund (which is what we understand the majority wish to have ascertained by testimony) we feel that she is estopped by her own actions from either claiming or receiving any part of the proceeds of sale. If she has received more, she is entitled to it by the Pennsylvania law, and as we have previously said, the other beneficiaries and heirs can do nothing about it. If she has received less, it results from her own action. The other parties interested have to abide by her decisions. Why should they be now called on to help her, if her bargain was not as good as it appeared, or if she failed by reason of her own neglect to get all she might have had? She must stand or fall by her own election.

The result of these views is that we think the decree should be reversed, and the case remanded to the end that the net proceeds in the hands of the trustees may be properly divided among those entitled under the intestate laws of the State, eliminating the appellant from all share therein.

Judges DELAPLAINE and GRASON authorize their concurrence in this opinion and conclusion.