In re Estate of Mary E. Barrie, Deceased.
First Presbyterian Church of Sterling, Illinois et al.,
Appellees, v. Thomas Hodge et al., Appellants.

Gen. No. 10,146.

Opinion filed April 18, 1947. Rehearing denied June 23, 1947. Released for publication June 23, 1947.

J. J. LUDENS, of Sterling, for appellants.

Ward & Ward and Sheldon & Brown, all of Sterling, for appellees.

Mr. Justice Dove delivered the opinion of the court.

Mary E. Barrie, a resident of Sterling, Whiteside county, Illinois signed an instrument on October 30, 1928, which appellees represent is her last will and testament. Mrs. Barrie died in December 1944 and on January 8, 1945, said instrument was filed for probate in the county court of Whiteside county and was thereafter admitted to probate by that court. An appeal was taken to the circuit court, resulting in a like order admitting said will to probate. Upon a further appeal to the Supreme Court the orders of the circuit and county courts were reversed. (*In re Will of Barrie,* 393 Ill. 111.) Thereafter the county court of Whiteside county on March 25, 1946, entered an order denying probate to said instrument.

On April 10, 1946, First Presbyterian Church of Sterling, Illinois, Illinois Children's Home and Aid Society, Marian Kidder Day and Henry Marcellus Kidder filed their verified petition in the county court of Whiteside county praying for an order permitting them to withdraw from the files of that court this instrument for the purpose of filing the same for probate in the State of Iowa. This petition alleged that petitioners were legatees under this instrument; that Mary Barrie died seized of a described 160 acres of land in Tama county, Iowa; that notwithstanding the fact that said instrument has been denied probate in Illinois it is a valid and enforceable will as to real estate in the State of Iowa and that the heirs at law of Mary E. Barrie, deceased, are proceeding with the administration of said estate in Tama county, Iowa ignoring the existence of said will. The petition further alleges that they recognize that the final order of the county court of Whiteside county denying probate to said will is conclusive against any further proceed-

ings in this State with reference to the probate of said will and that if said will is admitted to probate in Iowa petitioners will not offer it for probate in Illinois either by direct, ancillary or any other proceeding.

Anna Lease, Nettie Powell, Agnes Crippen, Thomas Hodge and George Hodge answered said petition averring that they are the sole and only heirs at law of Mary E. Barrie, deceased, whom they allege died intestate. Their answer then states that said purported will is on file in the office of the county clerk of Whiteside county and under the statutes of this State it should remain there inasmuch as the said Mary E. Barrie owned certain described real estate in Sterling, Whiteside county, Illinois, and that in order to preserve title thereto it is necessary that said instrument remain on file in the county clerk's office and that the county court of Whiteside county has no jurisdiction to allow said instrument to be removed therefrom and taken to some other State.

Upon a hearing in the county court an order was entered granting the prayer of the petition and authorizing the withdrawal of said purported will from the files for the purpose of filing the same for probate in Iowa upon petitioners filing with the clerk a photostat thereof. Upon appeal to the circuit court a like order was entered and to reverse that order this appeal has been prosecuted by the heirs at law of the said Mary E. Barrie, deceased.

Counsel for appellants state that the Supreme Court of this State ordered this will returned to the office of the county clerk of Whiteside county and that therefore the order appealed from is in conflict with the order of the Supreme Court and counsel argue that since this instrument was declared null and void by the Supreme Court of Illinois no person mentioned therein as legatee or devisee acquired any interest therein; that Mary E. Barrie died possessed of some real estate located in Whiteside county, Illinois and this

instrument should therefore remain on file in the county clerk's office as one of the muniments of title of such real estate.

What the Supreme Court held in *In re Will of Barrie,* 393 Ill. 111 was that this will, under the laws of this State, was revoked in accordance with sec. 46 of the Probate Act [Ill. Rev. Stat. 1945, ch. 3, par. 197; Jones Ill. Stats. Ann. 110.294] and therefore not entitled to be probated in Illinois. It is true that Ill. Rev. Stat. ch. 3, sec. 83, par. 235 [Jones Ill. Stats. Ann. 110.332], provides that all original wills which are admitted to probate shall remain in the custody of the clerk but there is no statutory provision that instruments not admitted to probate shall so remain in the clerk's custody.

In *McGehee v. McGehee,* 152 Md. 661, 136 Atl. 905 and in *McGehee v. McGehee,* 189 N. C. 558, 127 S. E. 684, it appears that Henry Webster McGehee died on September 8, 1919, domiciled in South Carolina. His estate consisted of personal property in South Carolina, North Carolina and Virginia and real estate located in North Carolina, Virginia and Maryland. He left a will which was offered for probate in Marion county, South Carolina, the place of domicile of the testator, but probate was refused because the will had only two witnesses, the statute of that State requiring three witnesses. He therefore died intestate as to his property located in South Carolina and letters of administration were issued in South Carolina. Thereafter the will was duly admitted to probate in North Carolina and ancillary letters were granted in Maryland and Virginia.

In *Triplett's Ex'r v. Triplett,* 161 Va. 906, 172 S. E. 162, the Virginia court denied probate of the will of Dr. J. I. Triplett as an attested will but admitted it to probate as the holographic unattested will of the testator. In *Trotter v. Van Pelt,* 144 Fla. 517, 198 So. 215, 131 A. L. R. 1018 it appeared that this same will

was offered for probate in Duvall county, Florida and the Supreme Court of that State held that this will was executed in compliance with the laws of Florida, that it was in full force and effect as to Florida real estate and that the probate in Virginia established nothing beyond that State.

The title to and disposition of real estate either by deed or will is governed by the law of the State where the land is situated. Mary E. Barrie owned real estate located in Iowa, and the disposition of this real estate is governed by the laws of that State. Any order denying that will admission to probate in Illinois does not affect the title of her real estate located in any other state. "Where a testator, by a single will, devises lands lying in two or more States, the courts of such States will respectively construe it as to the lands situated in them, respectively, in the same manner as if they had been devised by separate wills." *McCartney v. Osburn*, 118 Ill. 403, 411.

The county court of Whiteside county has jurisdiction over its files and exclusive control of its records. The right to permit the removal of original files and exhibits is inherent in every court and such authority has been recognized. (*Lee v. Hicks*, 4 Ill. 169; *Kahl v. Devine*, 224 Ill. App. 363.)

There is no merit in appellants' contentions. The orders of the county and circuit courts were right and the judgment order of the circuit court of Whiteside county should be and is affirmed.

*Judgment order affirmed.*