In the Matter of the Real Estate of JOHN G. HARTMANN, deceased.

*New Castle, May* 2, 1928.

*Wilbur L. Adams*, for the widow.

*Charles B. Evans*, for the estate.

RICE, J. John G. Hartmann died on the fifth day of February, 1927, leaving to survive him a widow and no children. His last will and testament dated July 26, 1913, was duly probated and letters testamentary granted to Charles B. Evans, Esquire. The second item of the will provides:

"I do give and devise unto my wife, Elizabeth W. Hartmann, the one-third interest, for and during the term of her natural life, in all the real estate which I shall die seized and possessed of, and it is my will that this devise to my wife shall be in lieu of any dower or right of dower to which she may be entitled in my estate."

The widow, Elizabeth W. Hartmann, subsequently came into court and declined to take under the provisions of the will and elected to take her statutory interest in her husband's real estate.

The real estate, consisting of one lot and dwelling house in the City of Wilmington, was sold by the executors to pay testator's debts, under an order of the Orphans' Court. The property was sold free of widow's dower, she having waived the assignment of her dower by metes and bounds, and elected to take an equivalent share of the proceeds of the sale.

The widow, having renounced the provisions for her in her husband's will, claims that her share of the proceeds is to be

determined the same as if he had died intestate, and is therefore, to be determined under the provisions of the Intestate Real Estate Statute, .Section 3267 of the Revised Code 1915.

Counsel for the estate contends that the widow's interest in the proceeds of the sale are to be determined under the provisions of the Dower Statute, Section 3303, Revised Code 1915.

The question whether Mrs. Hartmann's interest in her husband's real estate is to be determined by the provisions of the Dower Statute, or by the provisions of the statutes pertaining to intestate real estate, is one of importance to her and also of importance to other widows similarly situated, for the reason that, if a widow, upon renouncing the provisions for her in her husband's will, takes under the intestate real estate statute, her interest in her husband's real estate is greater than if she takes under the provisions of the Dower statute.

The statutes of the Revised Code of 1915 pertinent to the question are:

"Dower.

"*Section* 3303. Widow Entitled to Dower:—The widow of any man, dying since the sixteenth day of February, A. D. 1816, who during their marriage was seised of an estate of inheritance in any lands, or tenements, within this State, shall have the third part of all the lands and tenements whereof her said husband was seised, as aforesaid, at any time during the marriage, to hold to her as tenant in dower for and during the term of her natural life, free and discharged from all and every the alienations, covenants, debts, liens and incumbrances, made, entered into, contracted, or created by the said husband after the intermarriage, unless she shall have relinquished her right of dower therein by her own voluntary act, according to the existing laws of the State."

"*Section* 3307. If a testator shall devise to his wife any portion of his real estate, such devise shall be deemed and taken to be in lieu and bar of her dower out of the estate of her deceased husband, unless such testator shall, by his last will and testament, declare otherwise; but the widow shall have her election either to dower or the estate so devised."

"*Section* 3267, *Par.* 6, as amended 33 *Laws of Delaware*, *p.* 616: Rules of Descent: * * * If the intestate leave a widow and issue, such widow shall have one-half part of the real estate aforesaid for the term of her life, and if the intestate leave a widow and no issue, such widow shall have all of the real estate aforesaid, for the term of her life, as tenant in dower. * * * "

After a careful examination of the language of our statutes, which seems to differ materially from that of similar laws of other States, I am of the opinion that when a widow, in the exercise of her statutory right, declines to take under the provisions of her husband's will and elects to take such interest as the law provides for her, she takes, in this State, under the Dower Statute and does not take under the statutes having reference to intestate real estate.

The dower right of a wife in her husband's real estate attaches as an inchoate right at the instant of marriage, by operation of law, and her dower interest thereafter is beyond the husband's control, and by operation of law, her right becomes a vested one immediately upon his death. The husband, during his lifetime, cannot alienate his real estate free of the widow's right of dower unless by her voluntary act or deed.

The law giving a widow the right of election either to take that which the statute provides for her, or the estate devised to her by her husband, seems to be based upon the theory that since a husband during his lifetime cannot alienate or dispose of the real estate of which he is seized during coverture, free of his wife's dower unless with her voluntary consent, he, therefore, should not be permitted to dispose of, after death by will, that which he cannot dispose of in his lifetime, and which upon his death has become to her a vested right, unless with her voluntary consent—the consent to be evidenced by the election to take under the provisions of her husband's will.

The statute in this State giving the widow the right of election does not provide in case she declines to take under the provision of her husband's will, that she is entitled to take the same interest in his estate as if her husband had died intestate, but on the other hand it provides that she may elect either dower or the estate devised.

The statute giving the right of dower to a widow appears in the *Code* under the chapter title "Dower." The statute giving the widow the right to elect either dower or the estate devised appears in the same chapter, and it seems reasonable to believe that the word "Dower" in the election statute refers to the widow's dower as provided for in that chapter, and it does not

have reference to the provisions of a statute, appearing in a different chapter, entitled "Intestate Real Estate."

Counsel for the widow argues that a widow who renounces her husband's will is entitled to her statutory rights in her husband's real estate the same as if he had died intestate. The following cases are cited in support of this argument: *Ashelford v. Chapman*, 81 *Kan.* 312, 105 *P.* 534; *Armstrong v. Park's Devisees*, 28 *Tenn.* (9 *Humph.*) 195; *Hoover v. Landis*, 76 *Pa.* 354; *Cunningham's Estate*, 137 *Pa.* 621, 20 *A.* 714, 21 *Am. St. Rep.* 901; *Geiger v. Bitzer*, 80 *Ohio St.* 65, 88 *N. E.* 134, 22 *L. R. A.* (*N. S.*) 285, 17 *Ann. Cas.* 151; *Dean v. Hart*, 62 *Ala.* 308; *Allen v. Hannum*, 15 *Kan.* 625; *Kuykendall v.* ——, 78 *Md.* 537, 28 *A.* 412; *Green v. Saulsbury*, 6 *Del. Ch.* 371, 33 *A.* 623.

Other cases cited: *Burton v. Burton*, 4 *Har.* 38; *Horsey v. Horsey*, 1 *Houst.* 438.

Upon an examination of these cases it will appear that in many of them the statutes of the respective States expressly provide that in case of a widow renouncing the provisions for her in her husband's will, she is entitled to take the same interest as if her husband had died intestate. But, as has been previously stated, our statute does not so provide. The present case differs from our cases of *Burton v. Burton*, 4 *Har.* 38, and *Horsey v. Horsey*, 1 *Houst.* 438, in that in each of those cases the court construed the terms of a will according to what they believed to be the intention of the testator and decided that the testator, in his will, plainly referred to the intestate law. In the case of *Burton v. Burton*, the court said: "The directions of the intestate law are applied to the present case because such is the testator's will." Moreover, neither case was one of a widow's election of dower.

An order will be prepared in conformity with this opinion.