In the Matter of the Estate of SUSAN GREEN, Deceased.

*New Castle, July* 18, 1928.

*George L. Townsend, Jr.*, for petitioner.

*Philip L. Garrett*, for residuary devisee.

RICE, J. A petition for the partition of the real estate of Susan Green, deceased, having been filed and a division of the property not being practicable, the real estate was ordered sold by this court.

William Green, her son, and one of the heirs at law, died on the fifth day of February, 1926, having made and published his last will and testament, dated the third day of May, 1923.

In the second item of his will, he provided:

"I give and bequeath unto Ruth Green, my friend, for kindness and attention to me, the sum of five thousand dollars ($5,000.00)."

At the time of the making and signing of the will, Annie Green, the first wife of William Green, was living. Annie Green died on or about the 18th day of January, 1925. On the fourth day of February, 1925, William Green married Ruth Green, named as a legatee in the second item of his will. After her

husband's death, she received the legacy of five thousand dollars under the provisions of his will.

Ruth Green Green, the widow of William Green, filed a petition praying that the present value of her dower interest in her husband's interest in the real estate of Susan Green, deceased, be paid to her in such sum as the court shall determine.

The present value of Ruth Green Green's interest in the real estate of her husband, William Green, is the question now before the court.

The petitioner claims that William Green, her husband, did not make provision for her by will or otherwise, and, therefore, under the statutes of this state she is entitled to a one-half interest in the real estate of her husband, and is now entitled to the present value of the said one-half interest.

Counsel for the residuary devisee under the will of William Green contends that Ruth Green Green accepted the legacy and this constituted an election on her part to take under the terms of her husband's will in lieu of her dower interest in his real estate, and, therefore, Ruth Green Green is not now entitled to any interest in his real estate. And, further, if she is entitled to any interest, it is only a one-third interest, as provided in the General Dower Statute.

*Sections 3263, 3267* and *3303* of the *Revised Code of* 1915 provide:

"3263. *Section* 25. WIDOW'S SHARE IN HUSBAND'S ESTATE; NOW ASSIGNED TO HER; PROPORTIONAL ASSIGNMENT WHEN SEVERAL DEVISEES OR LEGATEES:—The widow of a person who shall, before his marriage with her, have made his last will and testament, and who shall not have made provision for her, by will or otherwise, shall have the same part of his estate, real and personal, as she would have been entitled to if he had died intestate; and said part shall be assigned and distributed to her in the same manner as if he had died intestate; provided, that when there are several devisees of such real estate, or several legatees of such personal estate, such assignment and distribution to the widow shall be so made that each devisee, or legatee, shall contribute a just proportion thereof."

*Section* 3267, as amended by 33 *Laws of Delaware, Chapter* 212, paragraph 6:

"If the intestate leave a widow and issue, such widow shall have one-half part of the real estate aforesaid for the term of her life, and if the in-

testate leave a widow and no issue such widow shall have all of the real estate aforesaid, for the term of her life, as tenant in dower."

"3303. *Section* 1. WIDOW ENTITLED TO DOWER:—The widow of any man, dying since the sixteenth day of February, A. D. 1816, who during their marriage was seised of an estate of inheritance in any lands, or tenements, within this state, shall have the third part of all the lands and tenements whereof her said husband was seised, as aforesaid, at any time during the marriage, to hold to her as tenant in dower for and during the term of her natural life, free and discharged from all and every the alienations, covenants, debts, liens and incumbrances, made, entered into, contracted, or created by the said husband after the intermarriage, unless she shall have relinquished her right of dower therein by her own voluntary act, according to the existing laws of the state."

It is then argued by the petitioner that the provisions of *Section* 3263 apply for the reason that at the time William Green made his will and named Ruth Green as a legatee, he was not married to her and as he did not change his will after marriage and make provision for her as his wife, he, therefore, died without having made provision for her by will or otherwise and under the provisions of *Sections* 3263 and 3267 she is entitled to a one-half interest in his real estate, the same as if he had died intestate.

I believe this argument to be based upon false premises. It is a general rule that a will speaks as if executed immediately before the death of the testator unless a contrary intent shall appear. *Ruling Case Law, Vol.* 28, *p.* 234. Immediately before the death of William Green, and at the time his will is said to speak, he was married to Ruth Green and since he had in his will provided a legacy of five thousand dollars for her, it cannot be said that he had made no provision for her by will. The fact that at the time he actually executed his will he was not married to Ruth Green cannot overcome the fact that at the time his will speaks they were married and it was to the woman who was then his wife to whom he left the legacy of five thousand dollars.

For the reasons stated, it is my opinion that Ruth Green Green, the widow of William Green, does not come within the provisions of *Section* 3263 and, therefore, she does not take the same interest in her deceased husband's real estate as she would have taken had he died intestate, viz. one-half part of his real estate for life as tenant in dower.

The argument of counsel for the residuary devisee that, by reason of the widow taking the legacy as provided for her in her husband's will, she elected to take the provision for her in her husband's will, in lieu of dower in his real estate, must be regarded as without merit under the facts of the present case, in view of the law of this state as stated in *Kinsey, et al., v. Woodward*, 3 *Har.* 459, and *Chandler v. Woodward*, 3 *Har.* 428. There was no devise of real estate to his wife, neither does it appear from the will that the legacy to her was intended to be in lieu of dower. In the case of *Kinsey, et al., v. Woodward, supra*, the court said:

> "In regards to dower, it seems from all the cases to be an established rule, that a court of equity will not compel the widow to make her election, unless it be shown by the express words of the testator, that the devise or bequest was given in lieu or satisfaction of dower; or unless it appears that such was the testator's intention, by clear and manifest implication arising from the fact that the claim of dower is plainly inconsistent with the devise or bequest, and so repugnant to the will as to defeat its provisions. If both claims can stand consistently together, the widow is entitled to both, although the claim under the will may be much greater in value than her dower."

And in the case of *Chandler v. Woodward*, 3 *Har.* 428, it was stated:

> "There is in this will no devise to the widow of any portion of the real estate of the testator * * * the bequest is of personalty and may be exclusively satisfied out of the personal estate * * * but as to the real estate, no portion of that is devised to the widow, nor could she get any portion of it in case she should prefer the bequest in the will to her dower. * * * It is most probable then, that when the Legislature provided that in case the testator should 'devise to his wife any portion of his real estate,' it should be taken to be in lieu of dower, they meant precisely a devise of real estate * * * and that they did not mean a mere pecuniary bequest of a legacy. * * *"

The legislative provision referred to by the court in the case of *Chandler v. Woodward* appears in the present *Code* under *Section* 3307, and is as follows:

> "3307. DEVISE OF REAL ESTATE FROM HUSBAND, DEEMED TO BE IN LIEU OF DOWER; ELECTION BETWEEN DOWER AND SUCH DEVISE:—If a testator shall devise to his wife any portion of his real estate, such devise shall be deemed and taken to be in lieu and bar of her dower out of the estate of her deceased husband, unless such testator shall, by his last will and testament, declare otherwise; but the widow shall have her election either to dower or the estate so devised."

While, as already stated, Ruth Green Green is not entitled to a one-half interest in the real estate of her husband, William Green, deceased, the same as if he had died intestate, yet the legacy to her not being in lieu of dower, she is entitled to her dower interest of one-third part of all the lands and tenements whereof her husband was seised, under the provisions of *Section* 3303, which interest attached as an inchoate right when she married William Green and became a vested right immediately upon his death. *In re Lamonica's Real Estate, ante p.* 458, 141 *A.* 315; *In re Hartmann's Estate, ante p.* 466, 141 *A.* 695.

For the reasons stated, I am of the opinion that Ruth Green Green is entitled to the present value in money of her one-third dower interest in her husband's interest in the real estate of Susan Green, deceased, the mother of William Green.