IN THE MATTER OF THE ESTATE OF
RUTH B. SKINNER, DECEASED.

*New Castle, May* 29, 1939.

*Harold B. Howard,* for Bessie H. Lowery, Ethlyn Parks, and Lottie Stephens.

*Edward W. Cooch,* for Robert Skinner.

SPEAKMAN, Judge, delivering the opinion of the court:

The following is the exact question to be determined:

Is a husband who survived his wife entitled to any interest as tenant by the curtesy or any interest after the manner of curtesy in land of which his wife died seized in fee in 1937, she having devised said land by will to persons other than her husband, and there having been no issue born of the marriage?

That "tenancy by the curtesy" arose in this state not as the result of legislative action but as a common law right is beyond question.

The earliest statute in this state in which the phrase "tenant by the curtesy" is mentioned was passed February 5, 1827, and appears as *Chap.* 38, *Vol.* 7 of the *Laws.* It was a complete revision of the laws concerning the real estate of intestates and evidently was passed in anticipation of the publication of the *Code of* 1829 (*Code of* 1829, *p.* 315).

By the first section of the Act of 1827 the order or course of descent of intestate real estate is first fixed, immediately thereafter the following language is used:

"Subject however, in all cases aforesaid, to the rights of the surviving husband or widow, when there shall be such, as follows: that is to say; if the intestate leave a husband, who shall have had by said intestate during their marriage issue born alive, whether such issue have lived or died, such husband shall hold all such lands, tenements or hereditaments for the term of his life, as tenant by the curtesy."

It cannot be said that the purpose of this provision was to create any new rights for the benefit of the surviving spouse. The words "subject however * * * to the rights of the surviving husband" conclusively evidence an intention to preserve to him pre-existing rights. That the rights preserved to the surviving husband as tenant by the curtesy, were such rights as existed at common law is beyond question as the language that follows the words "that is to say" precisely defines "tenancy by the curtesy," as it existed at common law.

The rights of a husband in his wife's real estate have, however, been materially changed by legislation. By the passage of an act for the protection of women, commonly referred to as the *"Married Women's Act,"* on April 9, 1873 (*Chap.* 550, *Vol.* 14), and an amendment thereof passed on March 17, 1875 (*Chap.* 165, *Vol.* 15) married women, subject to certain restrictions, were given the right to own, possess and control their property, including the right to dispose of it by will, "but such disposal shall not affect the rights of the husband as tenant by the curtesy."

In the case of *Evans v. Lobdale,* 6 *Houst.* 212, 22 *Am. St. Rep.* 358, the Court of Errors and Appeals after quoting from the said acts said that by the amendatory act:

"It was designed to abolish both his [the husband's] freehold, *jure uxoris,* and the tenancy by the curtesy initiate, leaving him only the tenancy by the curtesy consummate in the event of his surviving his wife, and having had issue by her during the marriage."

The Act of 1873 further changed the rights of a husband in his wife's intestate real estate in the event she died without having had any lawful issue. By its passage the

Act of 1827 concerning the real estate of intestates was amended by including therein the following provision:

"If any married woman shall die intestate without having had lawful issue, then and in that case her husband shall be entitled to hold one-half part of all her real estate after the payment of all her just debts for and during the term of his natural life."

This language was later amended by an act approved March 14, 1901 (*Chap.* 203, *Vol.* 22), by inserting after the word "issue" and before the word "then" the words "by her husband surviving."

In the year 1914 the public laws of this state were revised and as revised were passed by both Houses and approved by the Governor on October 19, 1914, and thereafter were published as the *Revised Code of* 1915.

The provisions concerning intestate real estate are contained in *Chapter* 94, *Section* 3267, *et seq.,* of said *Code,* and those concerning married women are contained in *Article* 2 of *Chapter* 87, *Section* 3047, *et seq.,* thereof. The interest of a surviving husband in the real estate of which his wife died seized, as therein contained, will be fully quoted.

As to testate real estate it is provided by 3050, *Sec.* 18 of said *Article* 2 of said *Chap.* 87, that

"Such disposal [by will] shall not affect the rights of the husband as tenant by the curtesy * * *."

As to intestate real estate, it is provided by 3267, *Sec.* 1 of said *Chap.* 94, that

"The descent of intestate real estate shall, in all cases, be subject to the rights of the surviving husband * * *; that is to say, if the intestate leave a husband who shall have had by such intestate, during their marriage, issue born alive, such husband shall hold the real estate aforesaid, for the term of his life, as tenant by the curtesy."

And by said 3050, *Sec.* 18 of said *Chap.* 87, and 3267, *Sec.* 1 of said *Chap.* 94, that

"If any married woman shall die intestate without having had any lawful issue by her husband surviving, then and in that case her husband shall be entitled to hold one-half part of all her real estate after the payment of all her just debts for and during the term of his natural life."

By act approved April 21, 1919 (*Chap.* 197, *Vol.* 30), Article 2 of *Chap.* 87 of said *Code,* relating to married women, was materially amended, but not however with respect to a surviving husband's right as tenant by the curtesy in the real estate of which she died seized. By the first section of the amendatory act a married woman is given the power to dispose of her real property by will "provided that nothing in this section contained shall be deemed to affect the right of the husband, if he survive his wife, as tenant by the courtesy in the real estate of his wife." *Section* 3048, as amended. By the selection of this language the Legislature necessarily accepted its meaning as defined in *Evans v. Lobdale, supra,* that is curtesy consummate in the event of the husband surviving his wife having had issue by her during the marriage.

Since then no act has been passed purporting to change this provision of law.

It is, however, the contention of the respondent, Robert Skinner, that by the adoption of an act approved March 23, 1923 (*Chap.* 212, *Vol.* 33) tenancy by the curtesy as it theretofore existed in this state was abolished, and that in lieu thereof there was provided what his counsel refers to as a new form of curtesy for the vesting of which birth of issue is not a pre-requisite.

The act in question is an amendment to *Chapter* 94 of the *Code of* 1915. It is entitled "An Act to *Amend Chapter* 94 of the *Revised Code of the State of Delaware,* concerning Intestate Real Estate, by repealing 3267. *Section* 1 of said *Chapter* and by Substituting in lieu thereof a new Section to be known as 3267 *Section* 1."

By 3267, *Sec.* 1, it is provided:

"When any person having title, or right, legal or equitable, to any lands, tenements, or hereditaments, in fee simple, shall die intestate as to the same, such lands, tenements, or hereditaments shall descend in fee simple, unless herein otherwise provided, to his kindred, in coparcenary, according to the following course, or order, to wit: * * *

"The descent of intestate real estate, in all cases, shall be subject to the rights of the surviving husband or widow; that is to say, if the intestate leave a husband and issue, such husband shall have one-half part of the real estate aforesaid for the term of his life, and if the intestate leave a husband and no issue such husband shall have all of the real estate aforesaid, for the term of his life, as tenant by the curtesy."

The opinion of this court, *In re Estate of John G. Hartmann, deceased*, 16 *Del. Ch.* 466, 141 *A*. 695, 696, is not decisive of, yet it is by analogy pertinent to the present case. There the widow of the decedent in the exercise of her statutory right declined to take under the provisions of her husband's will and elected to take the interest provided by law under the provisions of 3303, *Sec.* 1, of the *Code of* 1915 (3767, *Sec.* 1 *of the Code of* 1935). Counsel for the estate contended that the widow's interest was to be determined under the said provision of the *Code*, wherein it is provided that:

"The widow of any man, dying since the sixteenth day of February, A. D. 1816, who during their marriage was seized of an estate of inheritance in any lands, or tenements, within this State, shall have the third part of all the lands and tenements whereof her said husband was seized, as aforesaid, at any time during the marriage, to hold to her as tenant in dower for and during the term of her natural life, * * *."

The widow on the other hand claimed that her interest was to be determined as if the decedent had died intestate under the provisions of the said Act of 1923 (*Chap.* 212, *Vol.* 33) concerning the estate of intestates. Judge Rice in his opinion said:

"The statute giving the right of dower to a widow appears in the Code under the chapter title 'Dower.'

"The statute giving the widow the right to elect either dower or the estate devised appears in the same chapter, and it seems reasonable to believe that the word 'Dower' in the election statute refers to the widow's dower as provided for in that chapter, and it does not have reference to the provisions of a statute, appearing in a different chapter, entitled 'Intestate Real Estate.' "

There is nothing contained in the context of the Act of 1923 from which the slightest inference can be drawn that

it was the intention of the Legislature that the surviving husband should acquire, upon the death of his wife, any rights in any real estate devised by her to others than her husband, in the event he had no issue by her during the marriage.

The Act of 1923 deals exclusively both in title and context with intestate real estate. With that we have no concern in this proceeding. Its provisions cannot be extended so as to in any way create a new right for the benefit of a surviving husband in real estate which passed under his deceased wife's will.

The claim of the surviving husband cannot be recognized.

An order will be signed in the usual form for the sale of the real estate described in these proceedings.