79 A.2d 807 (1951)
SECURITY TRUST CO.
v.
HANBY et al.
Court of Chancery of Delaware, New Castle.
April 13, 1951.
Howard L. Williams (of Hering, Morris, James & Hitchens), Wilmington, for plaintiff.
Geo. Gray Thouron (of Southerland Berl & Potter), Wilmington, for defendants.
SEITZ, Vice Chancellor.
This is an action by plaintiff, testamentary trustee, seeking, in the main, a determination of the effect on Delaware real estate of a widow's election to take against her husband's will in Pennsylvania  their domiciliary state.
The testator, Albert T. Hanby, died domiciled in Philadelphia, Pennsylvania, on July 13, 1947. His will was there probated. Under Item Third of his will, the testator left the residuary estate in trust to pay the income to his wife for life. He left personal property of substantial value. But the only real estate left by the testator is located in New Castle County, Delaware and known as the "Hanby's Corner" real estate. This is tacitly conceded to be part of the residuary estate.
On January 20, 1948, the testator's widow elected in Pennsylvania to take against the will of her husband. The election, which was filed in accordance with the laws of Pennsylvania, provides, inter alia, that "I, Cecil DeClyne Hanby * * * do hereby elect to take against the Will * * * and do not accept the estate and interest therein devised and bequeathed to me; but on the contrary elect to take such interest in the real and personal estate * * * as I would have been entitled to had the said decedent died intestate. * * *"
Under Pennsylvania law when a widow elects to take against a will she takes as though her husband had died intestate. As a result of her election the widow will receive in Pennsylvania personal property amounting to approximately $127,000. The widow has taken no action in Delaware and, in consequence, the trustee has filed this action seeking a determination of the widow's rights with respect to the Hanby's Corner real estate.
The testator purported to dispose of all of his property under his will. His widow elected in their domiciliary state, Pennsylvania, to take against his will. What effect did this election in Pennsylvania have upon her rights in her husband's Delaware real estate?
The widow contends that she takes under the will in Delaware because she had not elected here to do otherwise. She contends that the Pennsylvania election had no effect in Delaware for three reasons: (1) There being no "devise" to the widow within the meaning of the 1935 Code Par. 3771, the widow had no right to an election in Delaware. (2) A copy of the original foreign *808 will having been filed in Delaware, it had the same force and effect under the 1935 Code Par.3711 as if originally filed in Delaware. (3) The election in Pennsylvania was not an election in Delaware. The plaintiff-trustee disputes all three contentions and argues that the widow, by virtue of her election to take against the will in Pennsylvania has also done so in Delaware.
I shall assume, as the widow contends, that the testamentary life income provision was no such "devise" to her as required her to make an election under the 1935 Code Par.3771. However, it does not seem to me that my assumed agreement with the widow's argument solves anything here. I say this because the fact that the widow's actions in Delaware were not governed by the statute does not prevent the possible conclusion that she has impliedly elected against the will in Delaware by virtue of her election duly made in Pennsylvania.
The widow next suggests that because of the language of the 1935 Code Par. 3711[1], the will when filed in Delaware became operative as to the Delaware real estate. This would in effect give the widow all the income for life from the Delaware realty. I believe the language of the statute concerning the filing of a copy of the will in Delaware was intended primarily to perfect record title in Delaware to Delaware real estate owned by nonresident testators.[2] See 2 Page on Wills (Lifetime Ed.) Sec. 734. The statutory language does not purport to make the filing of a foreign will binding on a widow to the extent that the mere filing would preclude her from electing to take against the will in Delaware. The filing in most cases would not even be under her control. Conceivably it might have some effect in other situations but I conclude that the cited Code paragraph does not preclude a consideration of the problem as to whether the widow's election to take against the will in Pennsylvania constituted an implied election in Delaware.
The widow's final contention on this point is that the election in Pennsylvania to take against the will is not binding on her in Delaware; that she is entitled in effect to make an independent election in Delaware as to the Delaware realty; that not having elected to take against the will here she has in effect elected to take under it. Nearly all of the courts in this country which have considered this general situation have concluded that the widow who makes an election in the domiciliary state is thereafter estopped to take a position elsewhere inconsistent with that election. The cases recognizing the doctrine of so-called estoppel by election rest upon the equitable principle that it is unconscionable to permit one to claim under and against the same will. It is felt that the widow should either abide by the whole intention of the testator as expressed in the will or abide by the legal provisions made for the widow who elects to take against a will. This is but a judicial recognition of the old saw that "you can't eat your cake and have it too." The equitable appeal of this principle was long ago recognized by our old Court of Errors and Appeals in Kinsey v. Woodward, 3 Harr. (Del.) 459.
I concur fully in the view of the Supreme Court of Missouri in Colvin v. Hutchison, 338 Mo. 576, 92 S.W.2d 667, 105 A.L.R. 266, where it was held that when a widow renounces the will in the domiciliary state, where its validity has been established by probate, she renounces it in toto everywhere and cannot take testamentary benefits under it anywhere, except in jurisdictions where renunciation must be accomplished by compliance with certain mandatory statutory provisions. As the Missouri court indicated, *809 such a rule gives effect both to the principle that title to real estate is governed by the laws of the state where it is located and to the principles upon which the doctrine of estoppel by election is based.
The widow's counsel relies principally on the Maryland case of Bish v. Bish, 181 Md. 621, 31 A.2d 348. While that case may be distinguished on several grounds, it is sufficient to say that the court explicitly recognized the validity of the principle that one cannot at the same time take under and against a will.
It next becomes necessary to decide whether any Delaware statute requires that an election constituting a renunciation, such as the widow filed in Pennsylvania, must also be filed in Delaware in order to be valid as to Delaware real estate. The widow has argued and I have assumed that the 1935 Code Par. 3771 is not applicable because there was no "devise". No other statute having any application is called to my attention. I conclude that there is no Delaware statute here applicable which requires the widow to file an election in Delaware before there can be an effective renunciation as to Delaware real estate. The cases relied upon by the widow involved election statutes which were deemed by the courts involved to be of controlling importance. As indicated, we have no similar statute in Delaware applicable to this case.
I conclude that by electing to take against the will in Pennsylvania the widow has impliedly elected to take against the will in Delaware and she is estopped to deny that she has done so. It will be seen that my conclusion is an affirmative determination that the widow has elected here and so does not rest exclusively on traditional estoppel which is a defense.
The widow finally argues that even if the Pennsylvania election is binding in Delaware, nevertheless, the effect of her election is determined by Pennsylvania law, although what she takes (what is her intestate share) is determined by Delaware law. I cannot agree. I conclude that Delaware law must determine what effect the Pennsylvania election is to be given in Delaware. I say this because the election here binding is a Delaware election implied from the Pennsylvania election. This conclusion is in accord with the accepted view that the law of the state of the situs of real estate determines the effect of actions concerning its ownership etc.
The effect under Delaware law, 1935 Code Par. 3767, of an election by a widow to take against her husband's will is to give her a one-third interest for life in her deceased husband's Delaware realty. See In re Hartmann's Estate, 16 Del.Ch. 466, 141 A. 695. I see no reason why this principle should not be applied to this case even though the testator and his widow were not here domiciled. Nor do I agree with the widow's counsel that it is so unfair that it should be overruled.
A judgment will be entered declaring that the widow, by virtue of her Pennsylvania election, has impliedly elected to take against the will in Delaware as to the Delaware realty and that, in consequence, under Delaware law she is entitled to a one-third interest for life therein.
Order on notice.
NOTES
[1] "Any last will and testament in writing of a person not residing in this State at the time of his death, signed by the testator, and duly admitted to probate or admitted to record without this State, and in the place of the testator's domicile, may be duly admitted to probate and recorded in this State by filing a copy of said will and a copy of the record admitting the same to probate, or if probate be not required, or cannot be had, under the law of the State of the testator's domicile, then by a copy of the record of the mere filing of the said will in conformity to the laws of such domicile, as hereinafter provided, and such will shall then have the same force and effect as if originally proved and allowed in this State. * * *"
[2] See 1935 Code Par. 3712.